Argued and submitted July 15, affirmed November 12, 1992

In the Matter of
Richard Paul Hill, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF COOS COUNTY,
*Respondent,*

*v.*

Richard Paul HILL,
*Appellant.*

(J-1044; CA A67799)

841 P2d 2

Gary Babcock, Salem, argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Irene B. Taylor, Deputy Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Child appeals a juvenile court order of commitment asserting jurisdiction over him for sexual abuse of his two half-sisters. He contends that hearsay declarations of the elder of the sisters, who was held by the trial judge to be unavailable to testify, admitted under OEC 803(18a)(b)[1] should have been excluded, either because that statute unconstitutionally deprives him of his confrontation rights or because its corroboration requirements were not met. We affirm.

OEC 803(18a)(b) is constitutional. *State v. Renly*, 111 Or App 453, 458, 827 P2d 1345 (1992).

Corroboration is not a constitutional requirement, *Idaho v. Wright*, 497 US 805, 110 S Ct 3139, 111 L Ed 2d 638 (1990), but is required to "ensure that an accused not be convicted solely on the basis of hearsay." *State v. Renly, supra*, 111 Or App at 463. Corroborating evidence can include "a confession, an [eyewitness] account, physical evidence and evidence showing that the accused had access to the purported victim." 111 Or App at 463. The evidence showed that child had access to the victims and that he admitted that "possibly his finger slipped" while helping the elder sister to wipe after going to the bathroom.[2] That was sufficient corroboration.

Affirmed.

---

[1] The 1989 version of the OEC is applicable to this appeal. OEC 803(18a) has since been amended. Or Laws 1991, ch 391, § 1.

[2] Child's admission is not hearsay, OEC 801(4)(b)(A), so its use as corroborating evidence does not offend the purpose of "ensuring that an accused not be convicted solely on the basis of hearsay."